Ralph T. FRENCH, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

**Appeal No. 86–1427.**

United States Court of Appeals,
Federal Circuit.

Jan. 21, 1987.

Ralph T. French, pro se.

John T. Stemplewicz, Dept. of Justice, Washington, D.C., for respondent.

Before DAVIS, Circuit Judge,
NICHOLS, Senior Circuit Judge, and
NEWMAN, Circuit Judge.

NICHOLS, Senior Circuit Judge.

Petitioner Ralph T. French appeals the decision of the Merit Systems Protection Board (MSPB or board), No. SL831L8610005, 30 M.S.P.R. 503 (1986), reinstating on review the agency's decision that French's application for disability retirement was not filed timely and that French failed to establish a basis for waiving the relevant statute of limitations. We conclude that an abuse of discretion occurred. We vacate and remand for reconsideration in accordance with this opinion.

*Background*

French is, now at least, a mental incompetent who is paranoic and at times schizophrenic. He was removed from his position with the Social Security Administration on January 5, 1968, after approximately 10 years of service. His mode of living for years has been that of one of the mentally disabled homeless who have, alas, become so familiar a sight in our cities. On April 2, 1984, French applied for disability retirement benefits with the Office of Personnel Management (OPM). Apparently, what inspired this was his success in getting a Social Security disability annuity which was, however, awarded on the basis of present disability, a relatively easy task for the claimant. OPM notified French on May 9, 1984, that his application was dismissed for untimely filing. OPM advised French of his appeal rights and informed him of the criteria to establish a waiver of the

statute of limitations. In response, French sent two letters to President Reagan, one of which was forwarded to OPM. OPM issued a final decision on July 23, 1985, dismissing French's claim for untimeliness and failure to establish grounds for waiver. The MSPB's presiding official reversed the OPM on November 21, 1985, and directed it to grant the waiver, being persuaded by French's appearance, demeanor, and documentary evidence submitted by him showing that he is incompetent now and has been since he left federal service in 1968. French had no conservator or like fiduciary acting on his behalf, nor was he represented by counsel. In subsequent proceedings, likewise, he has acted entirely *pro se.*

The evidence of record includes French's diary which contains extensive bi-weekly paranoic-sounding entries between 1968 and 1980 describing "wiggly worms" in his mind and "pist pist" who, he indicates, talks to him and directs his actions. The evidence also includes the 1980 report of Dr. D.D. Simmons, who diagnosed French as having undifferentiated schizophrenia, and the 1981 report of Dr. Richard M. Childs, diagnosing French as suffering from paranoid schizophrenia. The full board reversed, finding that French failed to establish that he was mentally incompetent in 1968 or before 1980 at any time and, therefore, that he failed to meet the waiver requirements of 5 U.S.C. § 8337(b). French now appeals to this court.

### Analysis

The statutory requirements for a timely filed disability retirement claim are set out in 5 U.S.C. § 8337(b):

A claim may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restora-

tion of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

We think "may" here means "shall," *i.e.,* that the discretion granted does not include discretion to reject a waiver application having adequate factual support. This is the only statute of limitations applicable, and the 6-year limitation on suing the government is not here relevant. In *Goewey v. United States,* 612 F.2d 539, 544, 222 Ct.Cl. 104 (1979), 28 U.S.C. § 2501 was also applicable and the case is therefore not in point as 28 U.S.C. § 2501 was jurisdictional and strictly construed.

French argues on appeal that he has been mentally incompetent for the past 16 years, that he was unaware of his entitlement to the disability benefits, and he did not become aware of the benefits until shortly before he applied for disability retirement in 1984. This is disputed. The issue in this case, as we view it, is whether a mental incompetent, without assistance of counsel or conservator, is to be required to establish or allowed to attempt to show his own incompetency for many years in the past. We hold that it is patently unreasonable and fundamentally unfair to require or allow an incompetent to act as advocate in such a setting where even a sane attorney would be confronted with a difficult task. Exercise of the statutory discretion in such a manner is an abuse of discretion.

In *Marcee v. United States,* 455 F.2d 525, 527, 197 Ct.Cl. 363 (1972), one of our predecessor courts attempted to prescribe some kind of fair treatment in a 5 U.S.C. § 8337(b) disability claim so that the present incompetent will not lose out because he failed, without assistance of counsel, to prove his own past incompetence. There was a history of belated filings rejected by the former Civil Service Commission because it ignored the mental condition of the claimant which it knew. Finally a conservator petitioned. In *Marcee,* the court considered the type of role the government should take in such a disability claim:

It might be supposed that the Congress expected the CSC [Civil Service Commission] not to sit passively back and leave the incompetent former employee to prove her incompetence. It could have taken the initiative in looking into the matter so that the obvious desire of Congress should be respected, that former employees disabled in the course of honorable service should not be reduced to penury.

*Id.* at 526.

The court remanded the case. Be it noted that *Marcee* too was a Tucker Act suit and 28 U.S.C. § 2501 was also applicable. We reaffirm the reasoning in *Marcee* and add that it is also unfair that the full board's decision regarding French's disability was based on the incompetent's testimony at the hearing, with its admissions, rather than on medical evidence regarding his sickness and its duration.

This case is unlike *Marcee* in that there is still no conservator and thus no one competent to pursue justice under the adversary system. A candid assessment of the position of an incompetent in our society is that he is disadvantaged, and lacks the ordinary powers of the citizen. The statute reflects a concern of Congress that one disabled because of mental incompetence is not to lose the disability annuity because of failure to meet, in timely fashion, the preconditions as to procedure the sane and normal must satisfy.

French has had at least an inchoate claim to an annuity; the OPM must, therefore, take an active role in the determination of an incompetent's claim to waiver of the 1–year limitation under 5 U.S.C. § 8337(b), which requires a high degree of care in dealing with the claims of the incompetent. We note OPM apparently has material on French the presiding official refused to consider because it was not timely submitted. Accordingly, we remand to the MSPB with instruction to formulate procedures to ensure the presence of a competent conservator or attorney if possible in a case such as this of an apparently nonfrivolous claim of past incompetence by one

presently incompetent; the consideration of appropriate medical testimony; and the statement of standards for adjudicating such disability retirement claims where the 1–year statute has run. We agree that French failed to establish his incompetence from 1968 to the present. However, we disagree that he alone should be charged with the task of establishing his case. If he fails to cooperate in allowing himself to be represented by a competent person, his case may be suspended, but rulings that will be res judicata may not be made against him. *Marcee*, in dictum, suggests the possibility of a nonadversary determination following an active investigation by the agency, rather than awaiting what the applicant submits.

We are further of the opinion that the full board was too rigid in its statements about the degree of past incompetence sufficient to trigger the statute. A standard impossible to satisfy should not be set, as it would thwart the congressional purpose. But the presiding official, we agree, relied too much on his inference as to past disability from present disability, or the board, as judge of the facts, could so hold, as it did. The statute may be satisfied by one having some minimal capacity to manage his own affairs, and not needing to be committed. The claimant is not required to have been a raving lunatic continuously since 1968. If the claimant was incompetent while the 1–year period ran, subsequent periods of remission should not be presumed, nor the claimant required to prove the negative, that such periods did not occur. The statute prescribes what happens if an authentic period of remission is shown.

### Conclusion

The decision of the full board is vacated and the case remanded to the MSPB for reconsideration in accordance with this opinion.

VACATED AND REMANDED.