895 F.2d 1420
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary Celine LEONARD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3387.
 United States Court of Appeals, Federal Circuit.
 Jan. 8, 1990.
Rehearing Denied Feb. 5, 1990.
 
 Before MARKEY, Chief Judge, PAULINE NEWMAN, Circuit Judge, and EDWARD D. RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. DC831E8910251, affirming the rejection of Mary Celine Leonard's application for disability retirement benefits as untimely filed, is affirmed.
 
 OPINION
 
 2
 * This court lacks authority to review medical evidence as to the grant or denial of disability benefits. Lindahl v. Office of Personnel Management, 776 F.2d 276 (Fed.Cir.1985). However, the issue is not whether Ms. Leonard is disabled, but whether OPM correctly refused to waive the one year time limit for filing the application. Thus it is necessary to review the evidence on which the Board based its determination that Ms. Leonard did not meet the requirements of waiver, in order to ascertain whether the standard of "mental incompetence", set in 5 U.S.C. Sec. 8337(b) as a basis for waiver, was correctly applied in this case.
 
 
 3
 The government errs in its statement that this court has no jurisdiction to review the question of waiver. See generally French v. Office of Personnel Management, 810 F.2d 1118, reh'g & reh'g in banc denied, 823 F.2d 489 (Fed.Cir.1987) (reversing denial of waiver). There is no authority for the position that Congress intended that refusal to grant a waiver under the terms of 5 U.S.C. Sec. 8337(b) would be unreviewable.
 
 B
 
 4
 The record before us shows several years of misdiagnosis and inappropriate treatment, during the course of which many of the numerous physicians who examined Ms. Leonard prescribed treatment for depression. During this period Ms. Leonard did work part time, and examining physicians stated that she could work if in a non-stressful environment.
 
 
 5
 Despite the unfortunate stress of her disease and its misdiagnosis, the circumstances of record do not meet any reasonable standard of "mental incompetence" as contemplated in section 8337(b), applying the guidance in French, 810 F.2d at 1120. Although a person need not be committed to an asylum to be mentally incompetent in terms of capacity to apply for disability retirement, id., and there was extensive evidence of misdiagnosis and illness and their physical and psychological effects on Ms. Leonard, there was substantial evidence supporting the Board's finding that mental incompetence had not been established for purposes of waiver.
 
 
 
 *
 Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)