16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Sampson WALLER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3429.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1993.
 
 Before NEWMAN, ARCHER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Sampson Waller petitions for review of the June 28, 1993 final decision of the Merit Systems Protection Board, Docket No. AT831E930272-I-1, affirming the decision of the Office of Personnel Management (OPM) dismissing Waller's application for disability retirement as untimely filed under 5 U.S.C. Sec. 8453 (1988). Because the Board did not err in concluding that Waller failed to show that his application was filed within the one-year statutory time limit or that he was entitled to waiver of the time limit, we affirm.
 
 DISCUSSION
 
 2
 Effective October 11, 1988, Waller was separated from his position as a Clerk Typist with the U.S. Department of Agriculture (agency).[1] On September 27, 1990, Waller executed an application for disability retirement, which was received by the OPM on October 1, 1990. The OPM dismissed the application because it was not filed within one year of the date of separation as required by 5 U.S.C. Sec. 8453. The OPM also determined that Waller had not met the only criterion for waiver of the time limit because the record failed to establish that Waller was mentally incompetent on the date of separation or within one year following separation. The decision to disallow Waller's application for disability retirement was affirmed by the OPM on reconsideration.
 
 
 3
 Waller appealed the OPM's decision to the Merit Systems Protection Board on February 9, 1993, claiming that he was mentally incompetent during the applicable filing period, October 11, 1988 to October 11, 1989, and was thus entitled to a waiver of the time limit to file for disability retirement under section 8453. The only evidence of record before the Board relating to Waller's alleged mental incompetency was a letter from a psychiatrist, E. Clifford Beal, M.D., dated September 16, 1988, stating that Waller was undergoing treatment for "major depression." The Board found that evidence insufficient to support a finding of mental incompetency in light of other evidence suggesting that Waller was capable of managing his affairs at the time of separation or within one year thereafter. The record showed that Waller had engaged, either pro se or through a legal representative, in numerous administrative and judicial proceedings concerning his termination of employment. The Board determined that such activity indicated that Waller was sufficiently competent to protect his rights and interests following his separation from the agency.[2]
 
 
 4
 On appeal, Waller argues that the Board failed to consider other evidence establishing his mental incompetency during the period in question. In particular, Waller refers to a notice from the Social Security Administration (SSA), dated February 14, 1991, informing him of his eligibility to receive Supplemental Social Security Income under Title XVI of the Social Security Act. The Board was within its discretion to give that evidence little weight. Although the notice characterizes the supplemental income payments as "Individual--Disabled," it does not say that the SSA found Waller to be mentally incompetent nor does it identify any specific disability period.
 
 
 5
 Waller also alleges that the Administrative Judge (AJ) violated his due process rights by preventing him from obtaining medical evidence and by refusing to appoint legal counsel for him. We view these allegations to be without merit. First, the record reveals that Waller voluntarily rescinded his request for the issuance of a subpoena requiring Dr. Beal to produce his medical records and requested the cancellation of the oral hearing in which Dr. Beal would have testified. Second, we will not disturb the AJ's finding that Waller was not incompetent during the proceedings before the Board and thus not entitled to Board assistance in obtaining counsel. The AJ had sufficient opportunity to assess Waller's demeanor and to determine that the special obligations under French v. Office of Personnel Management, 810 F.2d 1118 (Fed.Cir.1987) were not triggered.
 
 
 6
 Our review of the Board's decision is limited to determining whether its affirmance of the OPM's disallowance of Waller's application for disability retirement under section 8453 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988). Under that standard, we must affirm the Board's decision.
 
 
 
 [1]
 There is an inconsistency in the record as to the actual date of separation: the OPM found that Waller was separated from the agency on October 21, 1988; the Administrative Judge found that Waller was separated on October 11, 1988; and Waller's separation was designated a resignation, effective November 1, 1988, pursuant to a settlement agreement with the agency. However, the inconsistency is inconsequential because Waller's application remains untimely filed with respect to any of those dates. For purposes of addressing the timeliness issue in this appeal, we will use the date of separation found by the Board, October 11, 1988
 
 
 [2]
 In reaching its decision, the Board applied the requirement of 5 U.S.C. Sec. 8337(b), a provision which imposes a one-year time limit for filing disability retirement applications under the Civil Service Retirement System. Because the pertinent statutory requirements of section 8337(b) are identical to the requirements imposed by section 8453 for disability retirement under the Federal Employees' Retirement System, which governs here, the Board's application of section 8337(b) constitutes harmless error