NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3086

WAYNE B. CARLTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 10, 2005

_____

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

I.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM) denial of disability annuity benefits for Wayne B. Carlton on the ground that he had filed his application after the statutory time limit had expired, and was not eligible for waiver of this limit on the basis of mental incapacity.  Because the Board's finding was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law, this court affirms.

II.

Mr. Carlton resigned from his position as an equipment cleaner at the Long Beach Naval Shipyard on May 23, 1995, because he was "unhappy with the system."

Mr. Carlton had not actually worked at the shipyard since December 1, 1992, having suffered a work-related injury on the day before. Due to his work-related injury, at the time of his resignation Mr. Carlton was receiving benefits from the Office of Workers' Compensation (OWCP) at the Department of Labor. The OWCP terminated these benefits in March 1997 because it found that he had no residual employment-related disability. On appeal, this decision was affirmed by the Employees' Compensation Appeals Board and made final on July 14, 2000. Docket No. 98-1994.

OPM received an undated application for Civil Service Retirement System (CSRS) disability retirement benefits from Mr. Carlton on December 5, 2003. Mr. Carlton asserted he was entitled to these benefits because he had been "disabled as a civilian and as a military personnel" and had paid into the retirement fund while he was a federal employee. On January 12, 2004, OPM notified Mr. Carlton that under 5 U.S.C. § 8337(b) (2000), an application for CSRS disability retirement benefits must be filed before, or within one year after, separation from federal service. Mr. Carlton was also advised that a waiver of the one year time limit is permitted by the statute if an employee is found to be mentally incompetent on the date of separation from federal service or within one year thereafter, and that if mental incompetence was an issue he could submit any evidence he may have in order to justify a waiver.

On January 20, 2004, Mr. Carlton submitted medical records, dated from November 1991 to November 1993, to OPM. These records are evidence that Mr. Carlton suffered lower back pain, lumbosacral strain with disk herniation, depression, anxiety disorder, and hypertension during this period. Mr. Carlton also submitted affidavits from two acquaintances, and a letter stating that he was being treated at the

outpatient psychiatric clinic of his local Veterans Administration Hospital. In reviewing these records OPM was unable to find any evidence of a disorder justifying waiver of the time limit, and affirmed its decision on July 14, 2004.

Mr. Carlton appealed the OPM decision to the Board. The administrative judge found, as did OPM, that because Mr. Carlton had filed his application seven years after separation from service, and could not provide evidence of mental incapacity at time of separation or within one year of separation, that his application should be dismissed. The judge further held that none of the doctors Mr. Carlton had seen had stated that he was mentally incompetent or unable to function normally. Mr. Carlton did not submit a petition for review with the full Board before the deadline, so the judge's decision became the final decision of the Board, on November 25, 2004.

III.

This court must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363 (Fed. Cir. 2004); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

In pertinent part the statute concerning timely filing reads:

A claim may be allowed under this subchapter only if application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

5 U.S.C. § 8337(b) (2000). This court's standard for mental incompetence is an inability to handle one's personal affairs because of either physical or mental disease or injury; an applicant may be "one having some minimal capacity to manage his own affairs, and not needing to be committed. The claimant is not required to have been a raving lunatic continuously." French v. Office of Pers. Mgmt., 810 F.2d 1118, 1120 (Fed. Cir. 1987). Under this standard the Board correctly found that Mr. Carlton failed to qualify for a waiver of the one year time limit.

Mr. Carlton argues that he submitted the documentation OPM requested to substantiate his mental incompetence in the form of the affidavits by two acquaintances and the doctor's letter. The affidavits stated that his medication made him lethargic and the letter from a doctor at the outpatient psychiatric clinic of the Loma Linda Veterans Administration Hospital stated he was a current patient. Neither the affidavits nor the doctor's letter stated that Mr. Carlton was ever mentally incompetent. Mr. Carlton also argues that the Board did not consider his situation carefully, nor did they "look at all the things [he] had done as a person." However, the record shows that OPM and the Board thoroughly evaluated Mr. Carlton's medical records and found that there was no evidence of mental incompetence. Mr. Carlton further asserts that he was on "heavy medication" and was therefore unable to function normally. However, prior to his leaving federal service, between December of 1992 and April of 1994, Mr. Carlton was evaluated by an internist and two different psychiatrists. These doctors all agreed that Mr. Carlton was well-oriented to time and place, alert, and cooperative, but suffering from depression, with no indication of psychosis. In a report dated March 23, 1995, another psychiatrist noted that Mr. Carlton, who had been his patient since October

1994, was taking anxiety-controlling medication and was not psychotic. No examiner indicated that Mr. Carlton was mentally incompetent due to medication or any other reason. Based on this record, on February 4, 2004, OPM dismissed Mr. Carlton's application for disability retirement as untimely filed and for not fulfilling the requirements necessary for a waiver of the time limit for mental incompetence. Upon reconsideration, OPM affirmed its decision on July 14, 2004.

The record does not indicate that Mr. Carlton would have been unable to file his application for disability retirement benefits in a timely manner. Mr. Carlton states no reason as to why he submitted his application for disability retirement benefits more than seven and one-half years late, other than that he was receiving psychiatric treatment and that he was on medication. Mr. Carlton makes no assertion that he was mentally incompetent. Although the record contains no psychiatric evaluation of Mr. Carlton during the period from May 1995, when he resigned from federal service, to May 1996, the critical time period in determining his eligibility for the waiver of the one year time limit, the record does show that during and after this period, Mr. Carlton successfully and apparently without assistance, made filings similar to those he would have had to have made for disability benefits.

Because this court finds that the Board reviewed the record appropriately and applied the proper law, we affirm the decision of the Board.