PAULINE NEWMAN, Circuit Judge,
dissenting in part.
This case illustrates the difficulties confronting pro se appellants who had, and may still have, a mental disability. I agree that further proceedings are warranted, and write separately with respect to the nature of the proceedings.
Ms. Rapp, who had been found by OPM to be mentally disabled and was receiving an annuity on that ground, had already established that she was mentally disabled until the period of current review. I agree with the court that it is necessary to determine whether Ms. Rapp is capable of conducting her own legal proceedings, when she says she is not. My concern is that the purpose for which my colleagues remand to the Board, for a hearing whereby she must prove that she is not capable of representing herself, is redundant at this stage, for she has already failed in representing herself at such a hearing. Ms. Rapp is being asked to demonstrate, acting pro se, that she cannot adequately act pro se. In such circumstances, for persons who have previously been found to be mentally disabled, when that person states that she needs help with the requirements of establishing disability, then (1) the Board’s procedures established in French v. Office of Pers. Mgmt., discussed post, should be invoked to obtain legal assistance; and (2) the burden should reside with OPM to show that a person who OPM had previously found to be mentally disabled is nonetheless capable of representing herself despite her contrary representation.[1]
I
On this appeal, OPM stresses that the Federal Circuit has no authority to review the facts of whether Ms. Rapp is mentally disabled. That is of course correct. We do not review the substance of her past or present disability; the only issue is whether she received the requisite procedural safeguards, that is, whether there was “a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error ‘going to the heart of the administrative determination.’ ” Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 780-81, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); 5 U.S.C. § 7703(c). Thus in connection with the mental disability claim in French v. Office of Pers. Mgmt., 810 F.2d 1118 (Fed.Cir.1987), this court instructed the Board to assist the claimant, stating,
We agree that French failed to establish his incompetence from 1968 to the present. However, we disagree that he alone should be charged with the task of establishing his case.
*1344 Id. at 1120. The Board then developed procedures, see French v. Office of Pers. Mgmt., 37 M.S.P.R. 496, 499 n. 4 (M.S.P.B.1988) (“We are mindful of the court’s instruction that special procedures are appropriate in cases of this nature”), and rulemaking followed, see Federal Employees’ Retirement System-Disability Retirement, 55 Fed. Reg. 6596, 6597 (1990) (final rule) (“a recent court case, French v. OPM, has resulted in both OPM and the Merit Systems Protection Board taking a more active role in ensuring that such individuals have adequate legal representation before a final decision can be made in their cases”).
The Federal Circuit has reiterated its concern that the ease of mentally disabled employees should be adequately presented when employment-related issues arise. See Harris v. Dep’t of Veterans Affairs, 142 F.3d 1463 (Fed.Cir.1998):
In French, this court and the Board recognized that a person’s mental incompetence may affect his ability to pursue and secure his rights under the law. When the Board is on notice of a person’s likely incapacity in connection with a disability retirement application, it must enforce the rules it established in French for such cases.
Id. at 1471. The court in Harris stressed that persons “of likely mental incapacity” should not be disadvantaged in the annuity process by that incapacity, stating that
we require the Board to follow its own French procedures in determining whether the [agency] breached its duty to assist [the claimant]. In so doing, we implement [the regulations] in a manner which draws the Board, the [agency], and OPM in a cooperative undertaking to assure that persons of likely mental incapacity will not suffer an impairment of their rights on account of their incapacity.
Id. at 1472.
In the posture of Ms. Rapp’s case, she had previously been found by OPM to be mentally disabled, and she requests assistance in complying with the legal requirements for continuation of her disability annuity. Indeed, the requirements that OPM found she did not meet include technical requirements of personnel regulation and legal practice, such as the need to include in the physicians’ reports a discussion of “specific job duties,” and the need to include medical evidence of her “medical status, treatment/response to treatment, and prognosis.” She apparently was not told that she was required to establish that she is mentally disabled for not only the position she previously held, but also any other position that she is qualified for at the same grade or pay level.
On appeal to this court, Ms. Rapp states that the Board did not provide her with the legal criteria that she needed in order to meet its requirements, and that the OPM procedures were confusing and misleading. She writes: “I was incompetent and unable to represent myself due to [these] strong debilitating medications with many side effects that directly related to my disabling condition.” My colleagues, seeming to prejudge their remand, refer to her “numerous submissions,” and OPM also argues the merits of whether her submissions show mental disability. Thus OPM proposes that Ms. Rapp is not entitled to legal assistance based on mental disability because she has tried, albeit unsuccessfully, to meet the requirements of showing mental disability, while Ms. Rapp states that she was not capable of presenting a better case because of her mental disability.
When parties are not in equitable balance, the law looks to the placement of the *1345 evidentiary burdens. Thus the Board in French held that when the basis of the employee claim is mental illness, an adverse decision should not be rendered until the Board has assured itself that “circumstances conducive to fair adjudication” were obtained. 37 M.S.P.R. at 499. It is appropriate to remand for application of the Board’s French-derived guidelines, thereby to implement her request for assistance.
The majority’s reliance on McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363 (Fed.Cir.2004), is inapt, for McLaughlin supports the application of French principles to the question of a former federal employee’s mental competence to represent himself. Id. at 1368. McLaughlin was decided on the standard of whether the Board’s determination was supported by substantial evidence, this court stating, “[a] person mentally incompetent for purposes of the [statutory filing deadline] waiver may not be, ultimately, determined disabled.” Id. at 1367. Yet McLaughlin held that the substantial evidence standard was appropriate in reviewing whether a former federal employee who was not found to be mentally incompetent should be excused from a statutory filing deadline. Id. at 1369. Meeting a filing deadline may not require the same mental competence as satisfying several complex legal criteria.
My suggestion is a simple one: when OPM has already found a person to be mentally disabled and that person states she is unable to represent herself in the substantive legal process, the burden shifts to OPM to come forward with evidence to show that such a person can nevertheless represent herself. The ultimate burden may indeed remain with the employee, but a prior adjudication of mental disability is properly deemed a 'prima facie case of mental disability, at least for purposes of providing assistance as in French and ensuing cases.
On the facts and procedural posture of this case, a hearing on the threshold question of need for assistance is superfluous, and merely a further delay in resolving the substance of her appeal.
Thus I must, respectfully, dissent from the court’s procedure whereby, instead of requiring reasonable assistance in determining whether she is still mentally disabled, the court holds that Ms. Rapp must first prove that she is mentally disabled in order to receive assistance in showing that she is mentally disabled.

. The majority opinion has in its footnotes 1-3 inaptly characterized both this position and the leading case in this field, French v. OPM. This court in French did not restrict its ruling to persons already adjudicated as mentally disabled; had Mr. French been in that position, he would not have had to appeal OPM’s decision that he was not disabled. Contrary to the majority’s statement, my concern is directed only to persons who, like Ms. Rapp, have already been found by OPM to be mentally disabled. I do not propose that anybody at all can simply state that they are not able to represent themselves; they must have already been found to be mentally disabled. Ms. Rapp was so found in 1997, and every year since. Whether she is now cured is of course at issue, but no adjudicatory body has so found and her medical reports are in conflict. Although my colleagues argue that this dissent "overstate[sj” the holding in French, the Board in French actually prohibited the rendering of a decision adverse to Mr. French until he had adequate counsel; this holding speaks for itself, and is riot overstated.