NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3154

MICHELLE WEST,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Michelle West, of Suitland, Maryland, pro se.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3154

MICHELLE WEST,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  September 11, 2007

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board ("MSPB" or "Board") affirmed the decision of the Office of Personnel Management ("OPM") to deny Michelle West's application for disability retirement under the Civil Service Retirement System ("CSRS"). West v. Office of Pers. Mgmt., No. DC-831E-07-0062-I-1 (M.S.P.B. Feb. 27, 2007).  Discerning no error in the Board's ruling, this court affirms.

BACKGROUND

Ms. West served as a security guard at the National Gallery of Art until her separation from that position in 1999. Just over seven years later, on May 3, 2006, Ms. West submitted an application for disability retirement, claiming she suffered back pain and stress at work. In response, on August 3, 2006, OPM sent Ms. West a letter informing her that her claim was untimely under 5 U.S.C. § 8337(b). That section requires claims for disability retirement to be filed within one year of separation. The August letter also explained conditions for waiver of this one-year deadline. The letter explained that a former employee may seek waiver on the basis of mental incompetence at the time of separation or within one year thereafter, so long as the employee filed disability retirement within one year after regaining mental competency or after the appointment of a guardian. Additionally, the letter noted that Ms. West had not provided any medical or psychological records from the one-year period following her separation from the National Gallery to show mental incompetence.

On August 6, 2006, Ms. West requested reconsideration of OPM's decision, which OPM denied on October 18, 2006. Ms. West then appealed to the MSPB, where she argued before an administrative law judge that she was suffering from extreme back pain, anxiety, and depression at all of the relevant times, rendering her both physically and mentally incompetent to timely file for disability retirement. West v. Office of Pers. Mgmt., No. DC-831E-07-0062-I-1 (M.S.P.B. Dec. 11, 2006) ("Initial Decision"), slip op. at 2-3. The administrative law judge affirmed OPM's decision because Ms. West had provided no evidence that her afflictions rendered her mentally incompetent to apply for disability retirement during the year following her separation. Initial Decision,

slip op. at 6.  The Board subsequently denied Ms. West's petition for review on February 27, 2007, rendering final the initial decision by the administrative law judge. Ms. West timely filed a petition with this court for review.

Before this court, Ms. West claims that she tried for over a year to have her doctor complete paperwork for OPM about her condition.  She also noted that her doctor suggested in the first place that she leave her job as a security guard due to her poor health.  Ms. West asserts that, had she applied for retirement benefits at or near the time of her separation from the National Gallery, her application probably would have been declined without a report from her physician.  She also explains that she "reconsidered looking into [her] retirement" after she was unable to continue with a different job that involved driving rather than physical labor.  She left that new job due to a car accident that left her with an extreme fear of driving.

## DISCUSSION

This court's review of Board decisions is limited.  The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).  This standard is unaffected where, as here, the question before the court involves mental incompetence as an excuse for untimely filings.  McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1367 (Fed. Cir. 2004).

An employee must file an application for disability retirement either before separation from service or within one year of separation.  5 U.S.C. § 8337(b) (2000).

The deadline may be waived[1] "for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier." Id.

Mental incompetence, in turn, "is an inability to handle one's personal affairs because of either physical or mental disease or injury." Rapp v. Office of Pers. Mgmt., 483 F.3d 1339, 1341 (Fed. Cir. 2007). Nonetheless, a "minimal capacity" to manage one's own affairs does not preclude a finding of incompetence. French v. Office of Pers. Mgmt., 810 F.2d 1118, 1119 (Fed. Cir. 1987) ("The claimant is not required to have been a raving lunatic continuously since [the relevant year].") The Board has long required medical evidence to substantiate a claim of mental incompetence. See Thieken v. Office of Pers. Mgmt., 56 M.S.P.R. 192, 194 (1993), aff'd, 11 F.3d 1074 (Fed. Cir. 1993), cert. denied, 511 U.S. 1037 (1994). Notably, the medical evidence must substantiate a mental problem. See id.

In this case, the Board properly rejected Ms. West's assertion of mental incompetence. Ms. West's evidentiary showing, consisting of her own subjective beliefs and the observations a friend, Initial Decision, slip op. at 5, did not amount to sufficient evidence of a mental condition. Although Ms. West offered some medical evidence regarding her back pain and anxiety, she provided no medical evidence whatsoever that these conditions rendered her mentally incompetent to timely apply for disability retirement. The Board properly concluded that Ms. West's seven-year delay in applying

---

[1] Although § 8337(b) provides that the one-year time limitation "may" be waived, OPM does not have the discretion to reject an application for waiver having an adequate factual basis. See French, 810 F.2d at 1119.

for disability retirement was not excusable due to mental incompetence.

Ms. West's fear of driving and subsequent asserted unemployability (precipitated by a car accident that occurred on a different job after her separation from the National Art Gallery) also have no bearing on Ms. West's mental competency to apply for disability retirement within the year after her separation. Because Ms. West offered no medical evidence to establish her mental incompetence during the year following her separation from the National Gallery of Art, the Board was within its discretion to conclude that Ms. West is not entitled to a waiver under § 8337(b). The Board's decision is therefore affirmed.