NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 896

IN RE LAWRENCE V. WILDER, SR.,

Petitioner.

On Writ of Mandamus from the Merit Systems Protection Board in
case nos. PH844E080524-I-1 and PH1221080452-W-1.

ON PETITION FOR WRIT OF MANDAMUS

Before MAYER, SCHALL, and MOORE, Circuit Judges.

PER CURIAM.

ORDER

Lawrence V. Wilder, Sr. petitions for a writ of mandamus directing the Merit Systems Protection Board to appoint counsel, and "notify of rights to appeal discrimination claims to the EEOC." Wilder further requests that the court remand to the Board various Board cases.

A party who seeks a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

The Board cases which Wilder requests the court remand are not currently before this court. Therefore, even if a mandamus petition were the correct method for seeking such relief, which it is not, the court cannot remand.

With respect to Wilder's request for counsel, Wilder cites the Board's decision in French v. Office of Pers. Mgmt., 37 M.S.P.R. 496 (1988). In French, based on this court's decision in French v. Office of Pers. Mgmt., 810 F.2d 1118 (1987), the Board

determined that in certain cases involving mentally incompetent litigants, it was appropriate for the Board to request pro bono representation for an appellant. The Board further noted, however, that it lacked authority to appoint counsel. See French, 37 M.S.P.R. at 498 ("Neither the Board nor OPM has authority to appoint a paid conservator or counsel for Mr. French").

In the Board decision at issue in this petition, the administrative judge (AJ) cited French and provided Wilder with a list of attorneys and organizations to consult concerning the possibility of obtaining legal assistance. The AJ further dismissed Wilder's appeal without prejudice until such time as Wilder becomes competent or obtains representation. Wilder has not shown that either this court's decision or the Board's decision in French requires more than this. Thus, Wilder has not shown that the AJ clearly and indisputably erred.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

**APR 3 2009**

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 03 2009

JAN HORBALY
CLERK

cc:     Lawrence V. Wilder, Sr.
        William P. Rayel, Esq.

s17