NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FLOYD C. MITCHELL,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3043

---

Petition for review of the Merit Systems Protection Board in No. AT844E120679-I-1.

---

Decided: June 9, 2014

---

FLOYD C. MITCHELL, of Lithonia, Georgia, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were JESSICA S. JOHNSON, Attorney-Advisor, Office of General Counsel, Office of Personnel Management, of Washington, DC.

---

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Over a decade after he resigned from his job at the Department of Veterans Affairs, Floyd C. Mitchell applied for disability retirement benefits under the Federal Employees' Retirement System. Retirement benefit applications generally must be filed within one year after separation from federal service. If, however, as is the issue here, the individual was mentally incompetent either at the time of separation or at any time within a year following separation, an application is considered timely if filed within a year of competency being restored. The Merit Systems Protection Board found that Mr. Mitchell did not file his application within one year from the date his mental competency was restored and that his application was, therefore, untimely. Because the Board's decision is in accordance with law and supported by substantial evidence, we affirm.

I.

Mr. Mitchell resigned from his job as a medical clerk at the Department of Veterans Affairs on July 8, 1998. He did not file an application for disability retirement benefits under the Federal Employees' Retirement System until January 2011, over 12 years later.[1]

---

[1]    Although there is a discrepancy between Mr. Mitchell's application, which bears the date of January 12, 2010, and other evidence in the record, the Board made a factual finding that his application was actually filed in January 2011. That finding is supported by substantial evidence and, in any event, a 2010 date would not alter our affirmance of the Board's decision.

After receiving Mr. Mitchell's application, OPM sent him a letter. The letter advised Mr. Mitchell that, because his application was not filed within one year of separation from service, it would only be considered timely if he submitted evidence demonstrating that he was mentally incompetent at separation or within one year after separation. Mr. Mitchell submitted evidence, but OPM issued an initial decision rejecting his application as untimely. On reconsideration, OPM affirmed its initial decision.

Mr. Mitchell then appealed to the Board. The Board affirmed, finding that even if Mr. Mitchell had submitted sufficient evidence establishing incompetency at separation or within one year thereafter, he failed to prove that he filed his application within one year after his competency was restored. The Board pointed to several reports by social workers and medical personnel from 2006 through 2009 showing that Mr. Mitchell's competency was restored over one year before he filed his application. The Board noted that some of the reports showed his Global Assessment of Functioning (GAF) scores[2] had improved

---

[2] As the Board explained, the GAF scale is used to rate an individual's overall psychological functioning on a scale of 0 to 100, with 1 indicating the most severe functioning problems and 100 representing superior functioning. *Lynum v. Office of Pers. Mgmt.*, 103 M.S.P.R. 426, ¶ 7 n.2 (2006) (citing *Diagnostic and Statistical Manual of Mental Disorders* 34 (American Psychiatric Association 4th ed. 2000)). A GAF score of 35 represents "some impairment in reality testing or communication or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." Initial Appeal File, Tab 1. The Board has found that a score between 51–60 means "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic at-

from a score of 35 in 2005, to scores in the 50 to 60 range from 2006 through 2009. These reports also indicated Mr. Mitchell's competency was significantly improving. For example, one report described him as having relevant thought processes and judgment within normal limits, another described his organized speech, and another described him as alert and oriented. Finally, some of the reports described Mr. Mitchell as actively seeking information regarding his other benefits claims, such as his Social Security disability claim and his application for a student loan discharge due to disability. The Board concluded that in light of this evidence, Mr. Mitchell had failed to show by a preponderance of the evidence that he filed his application within one year after his competency was restored.

Mr. Mitchell appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

A claim for disability retirement benefits must be filed within one year after separation from service. 5 U.S.C. § 8453. This requirement may be waived for an employee who is mentally incompetent at separation from service or within one year thereafter, so long as the application is filed within one year from the date competency is restored or a fiduciary is appointed, whichever is earlier. *Id.*

Mental incompetence for purposes of § 8453 is "a diminished ability to handle one's affairs in normal fashion." *French v. Office of Pers. Mgmt.*, 810 F.2d 1118, 1120 (Fed. Cir. 1987). A claimant can establish mental incompetence even if the claimant has "some minimal capacity

---

tacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers."). *Nash v. Office of Pers. Mgmt.*, 92 M.S.P.R. 527, ¶ 9 n.6 (2002).

to manage his own affairs" during the relevant period. *Id.* at 1120. However, a person who suffers from mental disabilities is not necessarily mentally incompetent. *See McLaughlin*, 353 F.3d at 1367.

We affirm a decision on mental incompetence during the statutory filing period unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012); *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1367 (Fed. Cir. 2004). In this case, the Board's factual finding that Mr. Mitchell failed to file his application within one year of the restoration of mental competency is supported by substantial evidence and must be affirmed. As described above, the Board relied on reports from social workers and medical personnel, as well as other evidence in the record, demonstrating Mr. Mitchell's competency to handle his own affairs.

On appeal Mr. Mitchell makes a number of arguments. For instance, he argues that because he is considered disabled for Social Security purposes, he should also be considered disabled for disability retirement purposes. But "disability and mental incompetence for the purposes of waiving the one-year filing deadline examine different facts." *See McLaughlin*, 353 F.3d at 1367. Thus, the Board did not err by finding that Mr. Mitchell had not shown that he remained incompetent on January 12, 2010, simply because of his Social Security disability status.

He also argues that because his separation was due to disability, he has established a prima facie case of disability, shifting the burden of proof to the Department of Veterans Affairs and OPM. But because the Board found Mr. Mitchell's application untimely, the Board did not need to reach the merits of his disability case.

We have considered Mr. Mitchell's remaining arguments and find them unpersuasive.

## III.

Because the Board's decision is in accordance with law and supported by substantial evidence, we affirm.

**AFFIRMED**

No costs.