**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHARON L. CROSS,
               Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
NY-844E-16-0220-I-1

DATE: May 10, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Sharon L. Cross, Cooperstown, New York, pro se.

Linnette Scott, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which dismissed this appeal without prejudice until either medical documentation demonstrated the appellant's medical fitness or the appellant secured representation. For the reasons discussed below, we GRANT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

OPM's petition for review, AFFIRM the initial decision to the extent that it dismissed the appeal without prejudice for 120 days, VACATE the initial decision to the extent that it dismissed the appeal without prejudice beyond 120 days, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

¶2      On August 30, 2012, the appellant filed the instant appeal challenging OPM's reconsideration decision that disallowed her disability retirement application under the Federal Employees' Retirement System. *Cross v. Office of Personnel Management*, MSPB Docket No. NY-844E-12-0269-I-1, Initial Appeal File, Tab 1. At the appellant's request, from January 24, 2013, through January 28, 2016, the administrative judge dismissed the matter without prejudice nine times to provide her an opportunity to obtain representation.[2] *Cross v. Office of Personnel Management*, MSPB Docket No. NY-844E-16-0220-I-1, Refiled Appeal File (RAF), Tab 1. The appeal was automatically refiled on April 28, 2016. *Id.*

¶3      The appellant requested an additional dismissal without prejudice, stating that attorneys were looking into her case and that she needed more time to obtain representation. RAF, Tabs 3, 6. On July 13, 2016, she submitted a request for a 120-day stay of proceedings, along with a three-sentence letter from her physician, asserting that she had been seriously ill and received advice from her physician that she should limit her activities for 120 days. RAF, Tab 14. The administrative judge denied her request. RAF, Tab 15. The appellant requested that the administrative judge reconsider this denial and sought an order staying any further proceedings until she was medically capable to proceed pro se or until she obtained representation. RAF, Tab 16 at 4.

¶4      On August 1, 2016, the administrative judge issued an initial decision dismissing the appeal without prejudice. RAF, Tab 18, Initial Decision (ID). She

---

[2] These initial decisions can be found at MSPB Docket Nos. NY-844E-12-0269-I-1 through NY-844E-12-0269-I-9.

considered that the appellant's medical condition would affect her ability to prosecute her appeal, but she found that there was no indication when the medical condition would end. ID at 3. She dismissed the appeal without prejudice to be refiled only when either medical documentation demonstrated that the appellant was medically fit to represent herself in the processing of her appeal or she obtained a representative. *Id.*

¶5      OPM has filed a petition for review, and the appellant has responded in opposition to the petition. Petition for Review File, Tabs 1-2, 4.

¶6      The Board disfavors dismissals without prejudice that do not contain a specific refiling date, especially when, as here, there is no indication when the matter underlying the dismissal will be resolved. *Argabright v. Department of Defense*, 113 M.S.P.R. 152, ¶ 8 (2010). In this case, the administrative judge did not set a date certain for refiling the appeal but instead referred to an uncertain date when the appellant would be able to obtain representation, despite the fact that she had been unable to obtain representation for more than 3 years, or when she would be medically fit. ID at 3. Under these circumstances, we find that the administrative judge erred in dismissing the appeal without prejudice without setting a date certain for refiling the appeal. *Mojarro v. U.S. Postal Service*, 115 M.S.P.R. 433, ¶ 7 (2010).

¶7      When an administrative judge has erred by failing to set a date certain for refiling an appeal, the Board has modified the initial decision by setting a date certain for the refiling. *See, e.g.*, *Selig v. Department of the Army*, 102 M.S.P.R. 189, ¶ 8 (2006). The appellant requested a stay of proceedings for 120 days in July 2016. RAF, Tab 14. This is the only request that is supported by any medical documentation, albeit a brief three-sentence letter. *Id.* We find that it was appropriate for the administrative judge to grant this request. Because over 120 days have passed both from the appellant's request and from the initial decision, we find that it is now appropriate to remand the appeal to the field office for refiling.

¶8 On remand, if the appellant requests an additional dismissal without prejudice based upon her medical condition, the administrative judge should determine whether she identifies her condition and explains both why it prevents her from proceeding with her appeal and how long the condition might be expected to continue. *Argabright*, 113 M.S.P.R. 152, ¶ 7. The administrative judge also should provide OPM an opportunity to respond to any such arguments. *Id.* The administrative judge also may consider whether the procedures for appointment of representation outlined in *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987) (finding that, in a disability retirement appeal, the Board has authority to request pro bono representation for an appellant who asserts that he is mentally incompetent), are applicable to this appeal.

## ORDER

¶9 For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.[3]

FOR THE BOARD:

         /s/ for

         Jennifer Everling
         Acting Clerk of the Board

Washington, D.C.

---

[3] The case index in this appeal indicates that Tab 11 of the Refiled Appeal File contains a pleading filed by the appellant on May 25, 2016, entitled "Motion to Change Date of Status Conference." However, the pleading is not contained in the file. RAF, Tab 11. On remand, the administrative judge shall ask the parties to submit the pleading so that it may be entered into the record.