**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY BASSETT,<br>    Appellant, | DOCKET NUMBER<br>AT-844E-21-0246-I-1 |
|   v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br>    Agency. | DATE:  March 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carolyn A. Dragseth, Esquire, Baton Rouge, Louisiana, for the appellant.

Shawna Wheatley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM), finding that the appellant's application for disability retirement benefits under the Federal Employees' Retirement System (FERS) was untimely filed.  On petition for review, the appellant argues that he has medical evidence that was unavailable

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

before the close of the record below and which demonstrates that he was mentally incompetent during the pertinent 1-year period following his January 4, 2019 resignation from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Under 5 U.S.C. § 8453, an application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or OPM within 1 year after the employee's separation. *Bruce v. Office of Personnel Management*, 119 M.S.P.R. 617, ¶ 7 (2013). The 1-year filing time limit may be waived if the employee is mentally incompetent at the date of separation or became mentally incompetent within 1 year thereafter and the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. *Id*. The appellant has the burden of proving, by preponderant evidence, that he was mentally incompetent during the relevant filing period. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009). In determining whether an applicant was mentally incompetent for the purposes of the time limit, the Board requires medical evidence supporting subjective opinions of mental

incompetence. *Bruce*, 119 M.S.P.R. 617, ¶ 7. The definition of mental incompetence "may be satisfied by [a person] having some minimal capacity to manage his own affairs, and not needing to be committed;" the applicant need not show that he was a "raving lunatic continuously." *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987).[2]

Here, the record reflects that the appellant resigned from Federal service on January 4, 2019, and that OPM received his application for disability retirement benefits under FERS on June 15, 2020, well outside the 1-year filing period. *Bassett v. Office of Personnel Management*, MSPB Docket No. AT-844E-21-0246-I-1, Initial Appeal File (IAF), Tab 9 at 33-40, 44. Thus, the issue in this case is whether the appellant showed that he was mentally incompetent during the period from January 4, 2019, to January 4, 2020. The administrative judge found that the appellant failed to make a nonfrivolous allegation that he was mentally incompetent during the relevant period. IAF, Tab 14, Initial Decision (ID) at 5.

The medical evidence the appellant presents on review is not new. Petition for Review (PFR) File, Tab 1 at 7. Inasmuch as it concerns the relevant period described above, i.e., January 4, 2019, to January 4, 2020, we note that all of that period was well before the close of the record below. Moreover, the letter from the appellant's primary care provider (PCP) implies that it is at least in part based on the appellant's prior medical records, which would also be from before the close of the record below. *Id.* To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Nevertheless, even if we accept the appellant's stated excuse for failing to present this evidence

---

[2] Although *French* concerns an individual covered under the Civil Service Retirement System, not FERS like the appellant in this matter, the holding regarding mental capacity in *French* applies here because the language of the two statutes is similar. *Compare* 5 U.S.C. § 8337(b), *with* 5 U.S.C. § 8453; s*ee Bruce*, 119 M.S.P.R. 617, ¶ 7 (applying *French* in a FERS case).

below, that the doctor's letter was delayed by consequences related to COVID-19, PFR File, Tab 1 at 4, the purportedly new medical evidence is not persuasive in light of the administrative judge's findings and the record below.

Specifically, although the appellant's PCP opined that the appellant was unable to conduct legal affairs during the relevant period and until August 2020 due to his major depressive disorder, PFR File, Tab 1 at 7, the administrative judge found, and the evidence indicates, that the appellant was able to participate in a prior Board appeal against his former employing agency during the relevant period, ID at 5; *see Bassett v. Department of Defense*, MSPB Docket No. DC-0752-20-0125-I-1, Initial Appeal File (0125 IAF). The administrative judge found that the appellant had been able to manage legal matters pro se during the relevant period in a sophisticated manner, filing coherent responses to the administrative judge's jurisdictional order in his prior appeal.[3] ID at 5; 0125 IAF, Tabs 4, 8. The appellant filed those pleadings in his prior Board appeal on November 13 and 20, 2019, at nearly the end of the 1-year period following his January 4, 2019 resignation, during which he now claims mental incompetence. 0125 IAF, Tabs 4, 8; PFR File, Tab 1 at 7.

In his response below, the appellant cited the possibility of obtaining relief in his Board appeal and EEO action as a reason for delaying his application for disability retirement benefits. IAF, Tab 12 at 8. The implication inherent in the possibility of obtaining the relief he sought suggests that he was ready to resume his position if that litigation were successful. Such a litigation position is inconsistent with his present assertions of mental incompetence.

Moreover, the medical evidence below, as the administrative judge noted in the initial decision, described the appellant's mental health symptoms as mild during the pertinent time, and the administrative judge found that such mild mental health symptoms did not rise to the level of a finding that the appellant

---

[3] Documents filed concerning the appellant's EEO case indicate that he was represented in that action. IAF, Tab 12 at 9-11.

was mentally incompetent. ID at 4-5; IAF, Tab 12 at 17. Although the medical evidence the appellant submits on review regarding his scores on two tests indicates that he was experiencing severe symptoms of depression and anxiety, the PCP conducted these tests on February 7, 2020, which is outside the relevant year following the appellant's separation described above. PFR File, Tab 1 at 7. Thus, it does not contradict the medical evidence below, which opined that the appellant's mental health symptoms, as of March 2019, which was during the pertinent time period, were mild. IAF, Tab 12 at 17.

Accordingly, the appellant fails to demonstrate that the administrative judge erred, and we affirm the initial decision which affirmed OPM's reconsideration decision finding that the appellant's application for disability retirement benefits was untimely filed.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.