NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH B. COX,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3147

---

Petition for review of the Merit Systems Protection Board in case no. CH831E110319-I-1.

---

Decided: November 15, 2011

---

ELIZABETH B. COX, Mountain Home, Idaho, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before BRYSON, MOORE, and REYNA, *Circuit Judges*.

Per Curiam.

Elizabeth B. Cox appeals from a denial of her petition for review by the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM's) decision denying her application for disability retirement because it was untimely filed. *Cox v. Office of Pers. Mgmt.*, No. CH831E11-319-I-1, slip op. at 1 (M.S.P.B. Apr. 6, 2011). For the reasons set forth below, we *affirm*.

Ms. Cox was separated from the U.S. Postal Service on October 19, 2007. The OPM received Ms. Cox's application for disability retirement on June 28, 2010. Disability retirement applications must be filed within one year after an employee separates from service. 5 U.S.C. § 8337(b). Ms. Cox contended that her chronic depression and post-traumatic stress disorder prevented her from timely filing her application within one-year after her separation. The OPM, however, rejected this argument and found that Ms. Cox was sufficiently competent to have filed an application for disability retirement within one-year of her separation from the U.S. Postal Service. The Board affirmed, and Ms. Cox timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The relevant question is not what we would decide *de novo*,

but whether the determination on appeal is supported by substantial evidence on the record. *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987).

A claim for retirement disability is allowed "only if" it is filed before the employee "is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b). The "time limitation may be waived" if the applicant is "mentally incompetent" during the filing period. 5 U.S.C. § 8337(b). Mental incompetence may be established even if the applicant is "'one having some minimal capacity to manage his own affairs, and not needing to be committed. The [applicant] is not required to have been a raving lunatic continuously' during the relevant period." *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1368 (Fed. Cir. 2004) (quoting *French v. Office of Pers. Mgmt.*, 810 F.2d 1118, 1120 (Fed. Cir. 1987)).

Ms. Cox asserts that the medical evidence shows that her mental illness prevented her from timely filing the application. In particular, Ms. Cox cites to medical evidence from 2005 until present, including the notes of a psychiatric nurse practitioner who met with Ms. Cox in 2007 and 2008 (the relevant period). The Board recognized that Ms. Cox suffered from mental health issues between October 2007 and October 2008, but found that the evidence did not establish that Ms. Cox was mentally incompetent during this period. *Cox*, slip op. at 3, 6.

The psychiatric nurse practitioner's notes during this period support the Board's decision that Ms. Cox was not mentally incompetent. The notes indicate that Ms. Cox engaged in a variety of activities during the year after she was separated from the Postal Service. For example, Ms. Cox helped a neighbor prepare for her daughter's wedding, went out with friends, sought employment, joined a women's group in her neighborhood for socialization, and

began building close friendships. In February 2008, the notes describe Ms. Cox's mood as "stable and euthymic," and her affect as bright and reactive. In March 2008, the notes again describe Ms. Cox's mood as "euthymic" and her affect as bright and reactive. The notes also show that Ms. Cox was following her case against the Postal Service for wrongful termination, that she took "in stride" the news that she lost her case, and that she planned to appeal the decision.

In light of this evidence, we conclude that substantial evidence supports the Board's decision that Ms. Cox was not incompetent during this period. We have considered Ms. Cox's additional arguments on appeal and find them to be without merit.

### AFFIRMED

COSTS

No costs.