# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY W. JOHNSON,
    Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
DA-844E-16-0061-I-1

DATE: December 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony W. Johnson, Houston, Texas, pro se.

Delores A. Saunders, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a timely petition for review of an initial decision that affirmed the final decision of the Office of Personnel Management (OPM) denying his application for disability retirement as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant was employed as a Rural Carrier by the U.S. Postal Service and he resigned on October 20, 2007. Initial Appeal File (IAF), Tab 5 at 205.[2] The notice of personnel action documenting his separation from service stated that he resigned voluntarily for personal reasons. *Id*. Five years later, on November 20, 2013, OPM received the appellant's application for disability retirement. *Id*. at 27. In his statement of disability, the appellant asserted that he suffered from a medical condition and a head injury, which affected his memory, his ability to pay attention, and his decision-making skills. *Id*. at 44. He also stated that he had a neck fracture, which caused him pain when he lifted anything, and that the Social Security Administration (SSA) had approved his disability claim. *Id*.

---

[2] In November 2007, the appellant applied for a refund of the retirement deductions that were withheld from his salary during his Federal service. IAF, Tab 5 at 226-27. OPM refunded those deductions. *Id*. at 217-18. We note that, if an appellant is eligible for disability retirement when he withdrew his contributions, then he may still receive disability retirement. *See Pagum v. Office of Personnel Management*, 66 M.S.P.R. 599, 602 (1995).

¶3    OPM issued an initial decision that denied the appellant's application for disability retirement because it was filed more than 1 year after his separation from service and, therefore, was untimely filed. *Id*. at 27. OPM found that, although the law permits a waiver of the time limit if an employee shows that he was mentally incompetent at the time of separation from service or within 1 year thereafter, the appellant did not show that he was mentally incompetent when he separated from service on October 20, 2007, or within the 1-year period ending on October 20, 2008. *Id*. The appellant's representative filed a request for reconsideration with OPM on the appellant's behalf. *Id*. at 38-39. The representative provided OPM with a June 18, 2007 evaluation from a clinical psychologist stating that the appellant had been diagnosed with a medical condition and poly substance dependence in remission. *Id*. at 6, 9, 11-19. His representative also provided OPM with a July 6, 2009 clinical interview and mental status examination prepared by a licensed psychologist and other medical records. *Id*. at 4, 21-26. OPM issued a reconsideration decision sustaining its original decision dismissing his application as untimely filed. *Id*. at 5.

¶4    The appellant, acting pro se, appealed OPM's decision to the Board, and he requested a hearing. IAF, Tab 1 at 3, 7. The administrative judge informed the appellant of his burden of proving that his disability retirement application was timely or that he was entitled to a waiver of the time limit because he was mentally incompetent during the relevant time period for filing. IAF, Tab 8 at 2.

¶5    After holding the appellant's requested hearing, the administrative judge issued an initial decision that affirmed OPM's reconsideration decision denying the appellant's application for disability retirement as untimely filed. IAF, Tab 11, Initial Decision (ID) at 1, 8-10. The administrative judge found that a disability retirement application under the Federal Employees' Retirement System (FERS) must be filed with OPM before the employee is separated from service or within 1 year thereafter, unless the employee shows that he was mentally incompetent at the time of separation or within the 1-year filing period thereafter,

and that he filed his disability retirement application within 1 year after his mental competence was restored. ID at 3. The administrative judge found it undisputed that the appellant filed his application for disability retirement more than 5 years after he resigned from the U.S. Postal Service. ID at 3-4. The administrative judge further found that the appellant failed to establish that the 1-year filing period should be waived because he did not submit medical evidence showing that he suffered from a condition that rendered him mentally incompetent when he separated from service or within the statutory 1-year filing period thereafter. ID at 9.

¶6    The appellant has filed a petition for review arguing that the evidence he submitted proved that he was mentally incompetent when he separated from service. Petition for Review (PFR) File, Tab 1 at 5. He argues that he was under a court ordered 4-month confinement at the Waco Freeman Center on January 1, 2007, which prevented him from filing for benefits. *Id.* He reasserts his argument that his receipt of SSA disability benefits in 2013, with a "guardian and payee for all social security funds," proves that he was mentally incompetent during the relevant filing period. He also resubmits part of a January 28, 2016 letter prepared for the Office of Special Counsel by an occupational medical consultant. *Id.* at 7. In the letter, which is part of the record on appeal, the occupational medical consultant concludes that "[t]he medical documentation does not support the mental incompetence claimed by the [appellant]," and recommends that OPM deny his disability retirement application. IAF, Tab 7 at 6-8. We find that none of the appellant's evidence or arguments submitted on review are persuasive.

¶7    Under 5 U.S.C. § 8453, an application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or with the former employing agency or OPM within 1 year after the employee's separation. *See Bruce v. Office of Personnel Management*, 119 M.S.P.R. 617, ¶ 7 (2013). The 1-year filing time limit may be

waived if the employee is mentally incompetent at the date of separation or became mentally incompetent within 1 year thereafter and the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. *Id*.

¶8      It is undisputed that the appellant's disability retirement application was signed on November 14, 2013, and OPM received it on November 20, 2013, more than 5 years after the 1-year filing period had expired on October 20, 2008. IAF, Tab 5 at 4, 45; ID at 2. Thus, the issue in this case is whether the appellant showed that he was mentally incompetent during the period from October 20, 2007, to October 20, 2008. The appellant has the burden of proving, by preponderant evidence, that he was mentally incompetent during the relevant filing period. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009). Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q) (2016). In determining whether an applicant was mentally incompetent for the purposes of the time limit, the Board requires medical evidence supporting subjective opinions of mental incompetence. *Arizpe v. Office of Personnel Management,* 88 M.S.P.R. 463, ¶ 9 (2001). The definition of mental incompetence "may be satisfied by [a person] having some minimal capacity to manage his own affairs, and not needing to be committed"; the applicant need not show that he was a "raving lunatic continuously." *French v. Office of Personnel Management,* 810 F.2d 1118, 1120 (Fed. Cir. 1987).

¶9      The appellant's argument on review that, on January 1, 2007, he was involuntarily confined to the Waco Freeman Center for 4 months, does not show that he was incapable of timely filing his disability retirement application prior to his resignation on October 20, 2007, or during the 1-year period following his separation and ending on October 20, 2008. PFR File, Tab 1 at 5. The appellant does not identify the incident or diagnosis that resulted in his alleged

court-ordered treatment at the Freeman Center.[3]  He also fails to identify the condition(s) for which he was treated at the Freeman Center or the outcome of his treatment, and we are unable to find this information in the record.  We therefore find that the appellant has failed to show that his 4-month court-ordered confinement at the Freeman Center on January 1, 2007, proves that he was mentally incompetent throughout the relevant period for filing his application.

¶10    On review, the appellant also resubmits the first page of a January 28, 2016 letter prepared by the occupational medical consultant, stating that the "detailed psychological evaluation Dr. [J.G.] performed on 6/18/07" clearly indicated that the appellant had the capacity to understand how to fill out forms to receive benefits from social assistance organizations.  *Id*. at 7.  Dr. J.G. evaluated the appellant just 4 months before he resigned in October 2007, while his application for SSA disability was pending.  ID at 6; IAF, Tab 5 at 11-19.  The administrative judge considered the June 2007 psychological evaluation by Dr. J.G., which concluded that, while the appellant was incapable of handling his own funds, he could understand the meaning of filing for benefits.  ID at 7; IAF, Tab 5 at 11.

¶11    Although Dr. J.G. also reported that the appellant was diagnosed with a particular medical condition, the administrative judge found that Dr. J.G.'s report did not indicate that he had access to any of the appellant's medical or psychological reports.  ID at 7; IAF, Tab 5 at 13, 19.  The administrative judge found that Dr. J.G. reported this diagnosis based solely on the appellant's statement of his history.  The administrative judge also found that the appeal record lacked documentation from the examination that resulted in this diagnosis or showed what symptoms the appellant experienced to warrant this diagnosis.  ID at 7.  The appellant does not dispute this finding on review.

---

[3] Although unclear, the Freeman Center in Waco, Texas, apparently provided treatment for drug and alcohol addictions and may have offered dual-diagnosis treatment programs for individuals with drug or alcohol addictions and mental disorders.  *See* http://www.recovery.org/providers/freeman-center-457772354/ (last visited Dec. 9, 2016).

¶12        Dr. J.G. also rated the appellant's overall psychological functioning at 65 on the Global Assessment of Functioning (GAF) Scale, and the administrative judge noted that, according to the Diagnostic and Statistical Manual of Mental Disorders, people with GAF ratings between 61 and 70 are considered to have some mild symptoms or some difficulty functioning, but generally function pretty well. *Id*. The administrative judge found that the record showed that the appellant generally was functioning well during the relevant filing period. ID at 9. Specifically, the administrative judge noted that the appellant already had applied for SSA disability benefits in April 2007, before his October 2007 resignation. *Id*. The administrative judge also noted that, upon the appellant's resignation: he applied for a refund of his retirement deductions and used that money to pay an attorney to represent him in pending legal matters; he filed income tax forms for 2007; and he applied for unemployment benefits. *Id*. The administrative judge further noted that the medical records documenting the appellant's interactions with medical personnel during the relevant period do not indicate that he had problems understanding and participating in discussions of his test results and treatment plans. *Id*. The administrative judge found this evidence was inconsistent with the conclusion that the appellant was mentally incompetent during the period from October 20, 2007, through October 20, 2008. ID at 9. The appellant has failed to identify any new and material evidence on review proving that he was mentally incompetent during the relevant time period.

¶13        On review, the appellant reasserts the argument he made below that he is mentally incompetent because he is required to have a representative payee for the SSA disability benefits he was awarded in 2013. PFR File, Tab 1 at 5. While not dispositive, the Board must consider an award of SSA disability benefits in determining an individual's eligibility for disability retirement. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 12 (2005). The administrative judge properly considered the appellant's award of SSA disability benefits, together with the other evidence submitted on appeal in affirming

OPM's reconsideration decision dismissing his application as untimely filed. ID at 8-10. The appellant did not provide documentation from the SSA showing the medical or psychological conditions for which his disability claim was approved in 2013 or the date that his conditions were determined to be disabling. ID at 6; *see* IAF, Tab 5 at 35-36. We therefore find that the 2013 SSA award, and the concurrent appointment of a representative payee, do not prove that the appellant was mentally incompetent when he resigned on October 20, 2007, or during the 1-year period for filing his disability retirement application, ending on October 20, 2008.

¶14     For the first time on review, the appellant argues that his employing agency forced him to resign because of his on-duty misconduct.[4] PFR File, Tab 1 at 4. The appellant's argument does not show that OPM erred in dismissing his disability retirement application as untimely filed, which is the only issue before the Board on review. IAF, Tab 8. If the appellant would like to file an involuntary resignation appeal against his former employing agency, he would need to file a separate appeal with the Board's regional office.[5]

---

[4] The administrative judge considered the appellant's testimony that he used poor judgment and engaged in misconduct prior to resigning and that the nature of his misconduct proved that he was mentally ill. ID at 5, 9. The administrative judge was not persuaded by the appellant's argument that his misconduct proved that he was mentally incompetent. ID at 9; PFR File, Tab 1 at 4. The administrative judge found that the appellant's testimony showed that he understood the consequences of his misconduct and that he decided to resign rather than to face the disciplinary action proposed by the agency. ID at 9.

[5] The Board's appellate jurisdiction does not include the authority to review cases when an employee has resigned voluntarily from his position. *See Paone v. Department of the Army*, 10 M.S.P.R. 284, 286 (1982); *see* 5 U.S.C. § 7512; 5 C.F.R. § 1201.3. However, an involuntary resignation is deemed to be tantamount to a discharge. *Paone*, 10 M.S.P.R. at 287. Although the voluntary nature of the resignation is presumed valid, it is an issue of fact that may be rebutted by evidence establishing that the resignation was coerced or was otherwise involuntary. *Id.* The burden of proof to establish that the resignation was involuntary, and thus within the Board's jurisdiction, is with the appellant. *Id.*; 5 C.F.R. § 1201.56(a)(2). The appellant also has the burden of proving that his appeal is timely filed. 5 C.F.R. § 1201.56(a)(2); *see* 5 C.F.R. § 1201.22(b).

¶15    Accordingly, because the appellant failed to establish a basis for waiving the statutory time limit for filing his application for disability retirement, we deny his petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.