**Ralph T. FRENCH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 86–1427.

United States Court of Appeals, Federal Circuit.

April 29, 1987.

Ralph T. French, submitted pro se.

John T. Stemplewicz, Dept. of Justice, Washington, D.C., submitted for respondent.

Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and NEWMAN, Circuit Judge.

ORDER*

NICHOLS, Senior Circuit Judge.

The Office of Personnel Management's (OPM) petition for rehearing and suggestion for rehearing in banc summarizes its contentions as follows:

The panel erred when it summarily rejected the established standards for construing statutes of limitations and held that 5 U.S.C. § 8337(b) must be construed less strictly than other statutes of limitations. The panel also erred when it apparently created a right to publicly sponsored assistance for all claimants who advance a non-frivolous claim of incompetency.

The petition is denied. The authority relied on, *Goewey v. United States,* 612 F.2d 539, 544 (Ct.Cl.1979), was a recommended opinion by the able former trial judge (trial commissioner) Murray T. Bernhardt, adopted by the panel as the basis of its decision, with added remarks per curiam by the panel. The findings of fact were not printed. In that case, Goewey had counsel and received the kind of trial we deem desirable here if it can be achieved, and the conclusion was that Goewey's claim was barred by limitations (28 U.S.C. § 2501) because his mental disability, though real, manifested itself in conduct (misconduct) "completely extraneous to his transactional competency." In other words, it did not prevent him from being a competent embezzler, forger, and petitioner, well able to obtain trust on the part of others to satisfy his wants. It is not authority adverse to the point made by this court, *i.e.,* that a grant of discretionary authority to waive a limitations bar due to late filing, if caused by mental disability, cannot be read to include authority to erect standards of proof an uncounseled mentally disabled person cannot be expected to satisfy, whatever the facts might be. No such discretion was granted in *Goewey,* who had to overcome section 2501 *simpliciter.* One also feels, reading Mr. Bernhardt's opinion, that Goewey had too much legal assistance, instead of none, as here.

This court did not know whether the OPM had any means or authority to provide counsel or conservators for indigent, incompetent claimants. Our decision is not to be read as requiring expenditure of funds OPM does not have or exercise of authority not granted to it. The opinion is carefully limited to say that in the circumstances described, a judgment or order having finality may not be entered against a mentally disabled indigent claimant not represented by counsel or a conservator, and without such a fair trial on the facts as took place in *Goewey.*

* On motion of respondent, this order is being reissued in published form.

Accordingly, the petition for rehearing is denied. A majority of the active judges of the court not having voted for in banc, the suggestion for rehearing in banc is also denied.