**Carlos G. GONZALES, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3227.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 16, 2002.

Before NEWMAN, LOURIE, and DYK, Circuit Judges.

PER CURIAM.

Carlos G. Gonzales appeals the February 14, 2002, final order of the Merit Systems Protection Board ("Board"), denying his application for a federal disability annuity as untimely. *Gonzales v. OPM,* 91 M.S.P.R. 46 (2002). We affirm.

BACKGROUND

Mr. Gonzales resigned from the Defense Logistics Agency ("DLA") effective September 30, 1997. He applied for a disability retirement annuity under the Civil Ser-

vice Retirement System on August 31, 1999, and the application was received by the Office of Personnel Management ("OPM") on September 2, 1999. The filing deadline for disability retirement annuities is one year, unless the employee can demonstrate that he was "mentally incompetent ... at the date of separation of service or within 1 year thereafter," in which case the deadline "may be waived," 5 U.S.C. § 8337(b) (2000). This court has held that "may" in this case means "shall;" *i.e.,* the OPM must grant a waiver of the deadline if there is "adequate factual support" for a finding of mental incompetence. *French v. OPM,* 810 F.2d 1118, 1119 (Fed. Cir.1987). A mental incompetent, for the purpose of this statute, is one who has no more than "some minimal capacity to manage his own affairs." *Id.* at 1120. The employee must prove his mental incompetence by preponderant evidence. 5 C.F.R. § 1201.56(a)(2)(ii). The OPM found Mr. Gonzales had not done so and dismissed his application as untimely.

On appeal, the administrative judge ruled on a written record[1] that Mr. Gonzales was entitled to a waiver of the statutory deadline because he had shown by a preponderance of the evidence that he was mentally incompetent during the application period, which tolled the deadline. The judge found that the sole medical evidence pertaining to Mr. Gonzales's incompetence during the requisite period was the sworn declaration of Dr. Richard Marcil, who said that Mr. Gonzales was mentally incompetent when he resigned from the DLA and for more than a year afterwards. The judge acknowledged, however, that "the appellant's case could have been stronger."

The OPM appealed the judge's finding to the full Board, which reversed. The Board considered but rejected Dr. Marcil's

conclusion because Dr. Marcil did not explain how specific symptoms rendered Mr. Gonzales mentally incompetent. Under the Board's decisions, "a physician's conclusion that an employee is disabled is persuasive only if the physician explains how the medical condition affects the employee's specific work requirements." *Johnson v. OPM,* 87 M.S.P.R. 192 ¶ 16 (2000); *accord Tanious v. OPM,* 34 M.S.P.R. 107, 111 (1987). Moreover, the Board noted, Dr. Marcil had not examined Mr. Gonzales until two years after he resigned from the DLA. Contrary to the administrative judge's finding that Dr. Marcil's declaration was the sole evidence of Mr. Gonzales's condition, the Board cited evidence from Dr. Vincent Ogilvie, a clinical psychologist who examined Mr. Gonzales at about the same time Dr. Marcil did and found his patient's flow of thought, memory, perception, judgment, and insight to be normal. The Board found Dr. Ogilvie's findings consistent with those of Dr. Montaitti–Alana, who examined Mr. Gonzales at about the same time as Dr. Ogilvie. The Board also cited lay evidence of Mr. Gonzales's resignation letter, which it found was coherent and which did not mention mental problems. Finally, the Board cited an evaluation of Mr. Gonzales in October 1996 which found his job performance satisfactory.

Mr. Gonzales appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our standard of review for decisions of the Board is limited by statute, which directs us to set aside Board decisions only if they are found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained

1. Mr. Gonzales had waived his right to a hearing.

without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed. Cir.1998).

Our review in cases such as this one is further limited by statute, which provides that "decisions of the Office [of Personnel Management] concerning [disability determinations] are final and conclusive and are not subject to review," except that "an administrative action or order affecting the rights or interests of an individual ... under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C. § 8347(a), (d)(1). It is well settled that disability determinations can be reviewed by this court only for "a substantial departure from important procedural rights, a misconstruction of governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. OPM,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *accord Anthony v. OPM,* 58 F.3d 620, 625 (Fed. Cir.1995). We are without authority to review "the factual underpinnings" of the decision. *Lindahl,* 470 U.S. at 791; *accord Bruner v. OPM,* 996 F.2d 290, 291 (Fed. Cir.1993).

The only challenges Mr. Gonzales makes to the Board's decision are factual. He argues that the MPSB "did not consider evidence ... vital to my case," specifically an affidavit of Dr. Ogilvie and a statement from Dr. William Sheehan, who said Mr. Gonzales "cannot work." Mr. Gonzales also contests the Board's finding that his resignation letter did not support finding a disability to toll the application deadline.

Mr. Gonzales thus challenges the Board's factual determination as unsupported by the evidence. We cannot reverse the Board's decision on that basis.

"The sufficiency of the evidentiary support for [a decision by the Board] ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions." *Smith v. OPM,* 784 F.2d 397, 400 (Fed.Cir.1986). Without the extension, Mr. Gonzales's application was untimely. Since there are no other challenges to the Board's determination, we affirm.

*AFFIRMED*

COSTS

No costs.

