**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAWANA J. ALDRIDGE,<br>            Appellant, | DOCKET NUMBER<br>DA-0841-20-0271-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: July 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Deborah Griffis</u>, Austin, Texas, for the appellant.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that she was ineligible for a Federal Employees' Retirement System (FERS) annuity. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant argues that OPM unlawfully seized her FERS retirement contributions to satisfy her outstanding debt with her former employing agency and failed to notify her about the debt-collection action or produce any documents as to how her contributions were used. Petition for Review (PFR) File, Tab 1 at 4. She claims that she was misled and was taken advantage of because of her mental incompetency, and that the administrative judge was not able to adequately address that issue. *Id*. at 5-6. Finally, she asserts that the administrative judge did not provide her an opportunity to submit additional evidence in support of her appeal. *Id*. at 5.

We agree with the administrative judge that the appellant was not eligible to receive a FERS annuity because she requested and received a refund of her retirement deductions. IAF, Tab 22, Initial Decision at 3-6; *see* 5 U.S.C. § 8424(a); *see also Pagum v. Office of Personnel Management*, 66 M.S.P.R. 599, 601 (1995); *Pagum v. Office of Personnel Management*, 55 M.S.P.R. 648, 651 (1992). The administrative judge addressed the appellant's claims in the initial decision, and the petition for review presents no basis for disturbing the

administrative judge's well-reasoned findings. *See Crosby v. U.S. Postal Service,* 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services,* 33 M.S.P.R. 357, 359 (1987) (same).

For the first time on review, the appellant provides a July 27, 2020 letter from her physician stating that she was diagnosed in 2003 with cognitive impairment, as well as major depression, severe anxiety, and chronic back pain, and was treated with various medications, counseling, and therapy. PFR File, Tab 1 at 8-10. The appellant appears to be alleging that she was unable to obtain the letter from her physician earlier due to difficulties caused by the COVID-19 pandemic.[2] *Id*. at 5, 8.

Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Even if we consider the letter, which is dated, and was obtained, after the record was closed, we are not persuaded that it supports a finding of mental incompetence.

A medical provider's conclusion that an individual is mentally incompetent is persuasive only if the medical provider explains how a mental illness renders the individual incompetent. *Gonzales v. Office of Personnel Management*, 91 M.S.P.R. 46, ¶ 5, *aff'd*, 48 F. App'x 747 (Fed. Cir. 2002). Here, the appellant's physician opined that the appellant did not have the capacity to make independent decisions from 2003 to 2008, and that she relied on other people in managing her daily activities, including her finances, during this time period. PFR File, Tab 1 at 9. However, we note that the July 27, 2020 letter is not on the official letterhead of the physician's office, is not signed by the physician, and is

---

[2] There is no indication that the appellant sought to subpoena evidence from her doctor while the appeal was pending before the administrative judge.

not supported by other medical evidence from the time the appellant signed the forms to withdraw her deposit, or any other time period. *Id.* at 8-10. Furthermore, the appellant's physician appears to have no specialization in mental health issues.

Even if the appellant was unable to focus or recall basic information and experienced frequent mood swings, as her physician alleges, we are not persuaded that these problems rendered the appellant incompetent. *Id.* at 9; *see Gonzales*, 91 M.S.P.R. 46, ¶ 6 (finding that a medical assessment that an appellant was depressed and easily distracted, but otherwise having a normal mental status and functioning, is inconsistent with a conclusion of mental incompetence). Additionally, the letter from the appellant's physician is not consistent with the appellant's testimony that she understood the importance of planning for the future and took steps with her then-husband to ensure that she made an informed decision regarding her retirement. Thus, a different outcome is not warranted here. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.