## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY FRIEND,
    Appellant,

  v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
SF-844E-20-0204-I-1

DATE: September 11, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jeffrey Friend, San Jose, California, pro se.

Heather Dowie and Shaquita Stockes, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying, as untimely filed, his request for reconsideration of OPM's initial decision disallowing his application for disability retirement, also on timeliness grounds. For the reasons set forth below, we GRANT the petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The U.S. Postal Service removed the appellant from his Mail Handler position effective July 29, 2013, for an unspecified, non-compensable disability. Initial Appeal File (IAF), Tab 7 at 36, 73-74. Beginning in June 2015, the appellant began primary care, psychiatric treatment, and social work case management at the Santa Clara Valley Health & Hospital System's Valley Homeless Clinic. *Id*. at 40-46. According to a statement by his social worker at the clinic, she assisted the appellant with filing a disability retirement application in September 2015, but OPM did not respond until after the appellant contacted a member of Congress, at which point OPM stated that it had not received the application. *Id*. at 46. The appellant, with the assistance of his social worker, submitted the application again in August 2016 and, after a year and another inquiry from a member of Congress, OPM located and processed the application. *Id*.

¶3 In a December 28, 2017 initial decision, OPM dismissed the appellant's August 2016 application for disability retirement on the basis that it was not filed within 1 year of the appellant's separation as required by law.[2] *Id*. at 30-31. OPM informed the appellant that any request for reconsideration had to be received by OPM within 30 calendar days. *Id*. at 31. The appellant signed a request for OPM to reconsider its initial decision on August 1, 2018, but the envelope in which OPM received the appellant's request was postmarked October 19, 2018. *Id*. at 28-29. Between April and June 2019, OPM sent the appellant three letters informing him of the criteria for waiver of the timeliness

---

[2] The copy of the disability retirement application that OPM included with its file submitted to the administrative judge below was signed by the appellant on July 28, 2015. IAF, Tab 7 at 43. The appellant's social worker explained that the appellant had resubmitted the 2015 application in August 2016. *Id*. at 46, 50.

requirement and offering him an opportunity to send evidence to show that he was qualified for such a waiver; however, all three letters were returned to OPM as undeliverable. *Id.* at 14-27. On November 14, 2019, OPM denied the appellant's reconsideration request as untimely filed. *Id*. at 6-7. That decision informed the appellant that he could file an appeal with the Board within 30 calendar days. *Id*. at 7. On January 12, 2020, the appellant filed the instant appeal, generally describing his mental health issues and difficulties with the disability retirement application process. IAF, Tab 1 at 4.

¶4      The administrative judge also issued a timeliness order instructing the appellant to file evidence and argument that he either timely filed his Board appeal or that there was good cause for the delay in filing. IAF, Tab 3 at 3-4. The agency subsequently moved to dismiss the appeal as untimely filed. IAF, Tab 7 at 4. After holding a telephonic hearing at which the appellant was the only witness, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 56; IAF, Tab 58, Initial Decision (ID) at 1.[3] The administrative judge considered the appellant's medical condition but found that he did not demonstrate that circumstances beyond his control had prevented him from timely filing his reconsideration request. ID at 5-6. The administrative judge reasoned that nothing in the record showed that the appellant's medical condition or ability to function changed between the 30-day period that began December 28, 2017, the date of OPM's initial decision, and October 19, 2018, the date the appellant

---

[3] In light of his finding that the appellant's reconsideration request to OPM was untimely filed, the administrative judge found that he did not need to decide whether the appellant's Board appeal was timely filed. ID at 2 n.3. We find that the appellant was required to file his appeal by January 9, 2020, i.e., 30 days following his receipt of OPM's final decision on December 10, 2019, and thus his January 12, 2020 Board appeal was untimely by 3 days. IAF, Tab 1, Tab 10 at 4-5, 9, Tab 56-2 (testimony of the appellant); *see* 5 C.F.R. §§ 1201.22(b)(1)-(3). However, based on our review of the medical evidence set forth later in this decision, we find that good cause exists for the appellant's brief filing delay and therefore waive the time limit. *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶¶ 6-11 (2012) (finding good cause for a 13-month delay in filing when the appellant's mental conditions affected or impaired her ability to file with the Board); 5 C.F.R. § 1201.22(c).

submitted his reconsideration request. *Id.* Ultimately, because the administrative judge found that the appellant failed to show that he was not notified of the time limit for requesting reconsideration or prevented by circumstances beyond his control from making such a request, the administrative judge found that the appellant did not meet the stringent regulatory criteria for relief from an untimely request for reconsideration under 5 C.F.R. § 841.306(d)(2). ID at 6.

¶5 In his timely filed petition for review, the appellant challenges the administrative judge's finding that he failed to demonstrate that circumstances beyond his control prevented him from timely requesting reconsideration. Petition for Review (PFR) File, Tab 1 at 3. He asserts that he experienced a period of continuous deterioration before, during, and after the time for the submission of his reconsideration request to OPM, which constituted circumstances beyond his control. *Id.* He submits a new, detailed statement concerning his medical condition, signed by a psychiatrist and the social worker who assisted him with his disability retirement application, and which directly addresses several of the administrative judge's findings about the appellant's competency. *Id*. at 4, 9-12. OPM did not respond to the appellant's petition for review.

**ANALYSIS**

The appellant's reconsideration request was untimely filed, and nothing shows that he was not notified or was otherwise unaware of the time limit for requesting reconsideration.

¶6 When OPM dismisses an individual's request for reconsideration of an initial decision as untimely, the Board has jurisdiction over an appeal regarding the timeliness determination. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 7 (2015). The Board will reverse a decision by OPM dismissing a reconsideration request on timeliness grounds only if it finds that the dismissal was unreasonable or an abuse of discretion. *Id*.

¶7 Under the Federal Employees' Retirement System (FERS), a request for reconsideration of an initial decision issued by OPM regarding retirement benefits must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 841.306(d)(1); *see Kent*, 123 M.S.P.R. 103, ¶ 7. The regulations also provide that OPM may extend the time limit when the individual shows either that: (1) he was not notified of the time limit and was not otherwise aware of it; or (2) he was prevented by circumstances beyond his control from making the request within the time limit. 5 C.F.R. § 841.306(d)(2). If an appellant shows before the Board that he qualified for an extension of the time limit under OPM's regulations, the Board then will consider whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit and dismissing his request for reconsideration as untimely filed. *Kent*, 123 M.S.P.R. 103, ¶ 8. If, however, the appellant does not first show that he qualified for an extension under OPM's regulatory criteria, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion. *Id*. The good cause standard the Board would apply to cases untimely filed with the Board is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 841.306(d)(2). *Id*.

¶8 The appellant signed his request for reconsideration of OPM's December 28, 2017 initial decision on August 1, 2018, and the envelope in which he sent it to OPM was postmarked on October 19, 2018. IAF, Tab 7 at 28-29. Because such a request for reconsideration must be received by OPM within 30 days of the date of the initial decision, we agree with the administrative judge that the appellant's request for reconsideration was untimely filed. ID at 3-4; 5 C.F.R. § 841.306(d)(1). The administrative judge also found that the appellant did not establish that he was not notified or was otherwise unaware of the time limit for filing. ID at 3-4, 6. Nothing causes us to question that finding. The dispositive question in this appeal is thus whether the appellant has presented

sufficient evidence to show that he was prevented by circumstances beyond his control from filing a timely reconsideration request. 5 C.F.R. § 841.306(d)(2).

Remand is necessary to invoke *French* procedures.

¶9    In *Barnett v. Office of Personnel Management*, 88 M.S.P.R. 95, ¶ 8 (2001), as in this appeal, the appellant failed to show that he was not notified or was otherwise unaware of the time limit for requesting reconsideration. Also as in this appeal, the Board in *Barnett* recognized the centrality of whether the appellant was prevented by circumstances beyond his control from making a timely reconsideration request. *Id*. Because the record in *Barnett* contained information sufficient to call into doubt the mental competency of the appellant to prosecute his appeal pro se, the Board remanded the appeal to determine whether the procedures set forth in *French v. Office of Personnel Management*, 810 F.2d 1118, *reh'g denied*, 823 F.2d 489 (Fed. Cir. 1987), should be invoked. *Barnett*, 88 M.S.P.R. 95, ¶ 15. In *French*, our reviewing court required that the Board establish procedures to obtain representation for incompetent appellants in cases involving entitlement to retirement benefits. *French*, 810 F.2d at 1120. As the following discussion explains, because the record here similarly calls into question the appellant's mental competency to prosecute his appeal pro se, we must remand this appeal to the regional office for further adjudication and invocation of the procedures set forth in *French*. *Barnett*, 88 M.S.P.R. 95, ¶ 15.

¶10   The U.S. Court of Appeals for the Federal Circuit held in *French* that, if there is "an apparently nonfrivolous claim of past incompetence by one presently incompetent," the Board and OPM must take an "active role" in ensuring that the apparently incompetent appellant not be "charged with the task of establishing his case [alone]." *French*, 810 F.2d at 1120. The test for whether an individual is mentally incompetent is whether he was unable to handle his personal affairs because of either physical or mental disease or injury. *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). An individual can

meet this standard even if he has "some minimal capacity to manage his own affairs." *Id*. (quoting *French*, 810 F.2d at 1120). In determining whether an individual was mentally incompetent during the relevant time period, the Board requires medical evidence supporting subjective opinions of mental incompetence. *Arizpe v. Office of Personnel Management*, 88 M.S.P.R. 463, ¶ 9 (2001). A medical provider's conclusion that an individual is mentally incompetent is persuasive only if the medical provider explains how a mental illness renders the individual incompetent. *Gonzales v. Office of Personnel Management*, 91 M.S.P.R. 46, ¶ 5, *aff'd*, 48 F. App'x 747 (Fed. Cir. 2002).

¶11 With his petition for review, the appellant provides a joint letter from the social worker mentioned above and a psychiatrist associated with the Valley Homeless Clinic. PFR File, Tab 1 at 9-12.[4] In that letter, the two mental health professionals assert that the appellant has been treated at their facility since June 2015 and has been diagnosed with paranoid schizophrenia and post-traumatic stress disorder (PTSD), and that he has traits of avoidant personality disorder. *Id*. at 9. The letter explains that the symptoms of paranoid schizophrenia most evident in the appellant include paranoid delusions, loss of executive function, and preoccupation/obsessive fixation with his perceived treatment by the Postal Service and his legal issues, and the symptoms of PTSD most evident include depression and anxiety, and hypervigilance. *Id*. The letter also specifically addresses some of the administrative judge's findings, first opining that the mental disability that the administrative judge acknowledged in the initial decision generally affected the appellant from his initial OPM submission through all the steps of the reconsideration process. *Id*. The letter further states that, even when he was on anti-depressant medication, the appellant's paranoia and anxiety remained symptomatic. *Id*. The social worker and the psychiatrist explained that the appellant's obsessive thoughts distracted him from focusing on

---

[4] Although the appellant has not shown that the information contained in this letter from his mental health providers was unavailable when the record closed, we exercise our discretion to consider this newly submitted evidence. *See* 5 C.F.R. §§ 1201.115(d), (e).

the task of completing his documents and that, as a result, he was unable to do so despite expending significant effort. *Id*. They wrote that their clinical evaluation of the appellant showed his mental status decompensated after May 2017, and that "his poor concentration, poor executive function, paranoia and intrusive perseverative thoughts were disabling and certainly affected his ability to complete the reconsideration process." *Id*. at 10. Although the letter, like the initial decision, focuses on the period pertinent to the reconsideration process and therefore does not specifically address the appellant's current state, the tone of the letter indicates that the appellant's mental illness is likely ongoing. *Id*. at 9-10. Furthermore, there is some indication in the appellant's pleadings below that he was unable to adequately represent himself due to ongoing symptoms of his mental disorders. *See, e.g.*, IAF, Tabs 12-13. Thus, we find that the evidence indicates that the appellant is presently incompetent.

¶12 As noted above, to require the invocation of *French* procedures, an appellant must also present nonfrivolous evidence of past incompetence. *French*, 810 F.2d at 1120. In this regard, the record contains a March 1, 2016 Mental Impairment Questionnaire in which the social worker diagnosed the appellant with the same mental illnesses as those indicated in the letter submitted with the appellant's petition for review. IAF, Tab 7 at 51; PFR File, Tab 1 at 9. In addition, the social worker indicated in that assessment that the appellant was seriously limited in his ability to "[c]arry out very short and simple instructions" and was unable to "[a]sk simple questions or request assistance." IAF, Tab 7 at 53. In addition, the social worker explained in an August 2, 2016 letter to OPM that the appellant "has a permanent and severe mental health condition." *Id*. at 50. In a June 21, 2018 statement to OPM, the social worker asserted that the reason the appellant failed to timely file his disability retirement application within 1 year of his separation from the U.S. Postal Service was because of "a permanent and severe mental health condition." *Id*. at 46. On October 5, 2018, the Medical Director of the Valley Homeless Clinic explained that the appellant

was unable to file for disability retirement in 2015 because he was "very impaired by his symptoms" and "had trouble taking care of his most basic needs, much less complicated paperwork." *Id*. at 45. The social worker provided a statement in lieu of testifying in this appeal in which she explained that the appellant's diagnoses of PTSD, major depression, and schizophrenia cause cognitive problems including poor memory, poor concentration, and poor executive function. IAF, Tab 51 at 4. Finally, as for the appellant's subjective opinion, among other things, he wrote in the statement of disability that accompanied his retirement application that, starting in 2010, he suffered from extreme depression, PTSD, anxiety, and paranoia, and had poor memory, concentration, and follow-through. IAF, Tab 7 at 62. Thus, we find nonfrivolous allegations of past incompetence in relation to the filing deadlines.

¶13 A final condition for the imposition of *French* procedures is that the appellant must be proceeding "entirely pro se." *Engler v. Office of Personnel Management*, 81 M.S.P.R. 582, ¶ 5 (1999); *see French*, 810 F.2d at 1120. *French* procedures need not be invoked merely because the appellant's representative is not an attorney or guardian, but neither does the inquiry under *French* end simply because the appellant has a lay representative. *Engler*, 81 M.S.P.R. 582, ¶¶ 20-21. The Board must examine whether the representative is capable of adequately representing the appellant before the Board. *Id*., ¶ 21.

¶14 Here, as discussed above, the appellant was receiving mental health services from a social worker at the Valley Homeless Clinic and, in addition to providing relevant evidence regarding the appellant's mental illness, she also assisted him in completing paperwork regarding his disability retirement application and litigation with OPM. At no time, however, did the appellant designate the social worker as his legal representative. According to the appellant, she expressed to him that she was unavailable to appear at his hearing as a witness due to the demands of her work. IAF, Tab 45 at 3, Tab 47 at 3. Accordingly, we find that the appellant was proceeding without representation before the Board.

¶15    In sum, as discussed above, the evidence shows that the appellant is presently incompetent to prosecute his appeal pro se. Moreover, the record contains nonfrivolous evidence that the appellant suffered from past incompetence during the relevant filing deadlines. Finally, the appellant is proceeding pro se before the Board. Thus, we find that, consistent with Federal Circuit and Board precedent, *French* procedures must be invoked.

## ORDER

¶16    For the reasons discussed above, we vacate the initial decision and remand this case to the regional office. On remand, the administrative judge shall make diligent efforts to obtain appropriate representation for the appellant. *See Barnett*, 88 M.S.P.R. 95, ¶ 16. If the administrative judge obtains capable representation for the appellant, he should adjudicate the appeal on the merits, including a hearing if the appellant requests one. If capable representation cannot be obtained despite the administrative judge's diligent efforts or if the appellant refuses to allow himself to be represented by a capable representative, the administrative judge shall not enter an adverse order against him; rather, if necessary, he should dismiss the case without prejudice to reinstatement of the action under circumstances conducive to fair adjudication. *Id.*

FOR THE BOARD:        _____

                      *Gina K. Grippando*

                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.